J-S70032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
REMIC GUYAH, :
:
Appellant : No. 641 EDA 2016

Appeal from the PCRA Order January 26, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0200121-2006

BEFORE: OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 28, 2016**

Remic Guyah ("Guyah") appeals, *pro se*, from the Order denying his third Petition for relief pursuant to the Post Conviction Relief Act. **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On July 8, 2009, Guyah was convicted, *in absentia*, of one count each of robbery, possession of a firearm without a license, possession of a firearm on the streets of Philadelphia, possession of an instrument of crime, and criminal conspiracy.[1] The trial court sentenced Guyah to an aggregate term of 13 to 26 years in prison. Guyah subsequently filed post-sentence Motions, which the trial court denied on July 15, 2009. Guyah did not file a direct appeal.

On March 20, 2013, Guyah, *pro se*, filed his first PCRA Petition. The PCRA court appointed Guyah counsel, who filed a Motion to Withdraw as

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(i), 6106(a)(1), 6108, 907(a), 903.

Counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988),

and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss in

September 2014. Guyah filed a Response. On December 12, 2014, the

PCRA court dismissed Guyah's first Petition and granted counsel's Motion to

Withdraw.

On December 22, 2014, Guyah, *pro se*, filed his second PCRA Petition.[2]

The PCRA court issued a Rule 907 Notice of Intent to Dismiss Guyah's

second Petition as untimely filed. On August 11, 2015, the PCRA court

dismissed Guyah's second Petition.

On January 15, 2016, Guyah, *pro se*, filed the instant Petition.[3] The

PCRA court denied the Petition as untimely filed.[4] Guyah filed a Motion for

Reconsideration, which the PCRA court denied. Guyah filed a timely Notice

of Appeal.

On appeal, Guyah raises the following questions for our review:

---

[2] Between February 2015 and July 2015, Guyah, *pro se*, filed two additional Petitions under the PCRA, as well as two Motions asking the PCRA court to vacate his judgment of sentence. The PCRA court collectively considered these separate filings as Guyah's second PCRA Petition.

[3] Guyah titled his Petition a "Motion for New Trial," which the PCRA court properly considered as his third PCRA Petition. **See** 42 Pa.C.S.A. § 9542.

[4] The PCRA court did not provide Guyah with a Rule 907 Notice. However, "where the PCRA Petition is untimely, the failure to provide such notice is not reversible error." **Commonwealth v. Lawson**, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted).

I. Where no adequate notice was given to [Guyah] to ensure that [Guyah] [participated] in *voir dire* [], did the trial court [violate] [Guyah's] constitutional right to a jury of [his] peers, to obtain the conviction of [Guyah] by selection of 14 jurors in his absence, is the jury selection in this case invalid, void due to the violation of due process, equal protection clause, [and] guaranteed trial by jury rights secured by U.S. [C]onst. amend. 4, 5, 6, [and] 14[,] as well as Pa. [C]onst. art. 1[,] subsections 6, 9, 25, and 28?

II. Was [Guyah's] conviction[,] [obtained] by [p]rosecutorial misconduct and entrapment, [g]overnment interference with trial by jury rights, which in turn denied [Guyah's] due process, equal protection, confrontation, compulsory rights [secured] to [Guyah] under the U.S. [C]onst. amend. 4, 5, 6, [and] 14[,] as well as Pa. [C]onst. art. 1[,] [s]ubsections 6, 9, and 28?

III. Does the ineffective assistance of court[-]appointed [c]ounsel Francis [X.] [K]eaney, [Esquire,] by denying [Guyah] due process, equal protection of laws, confrontation clause rights[,] and for his prejudice and oversight, misrepresentation, mishandling of this case by not [giving] notice to [Guyah,] warrant this default judgment be [opened] and relief granted?

IV. Did the trial court have jurisdiction to impose an illegal and unconstitutional conviction after jury selection in [Guyah's] absence?

Brief for Appellant at 4.

We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted).

Initially, under the PCRA, any PCRA petition "shall be filed within one

year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1).

- 3 -

A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Because Guyah did not seek direct review of his judgment of sentence, his sentence became final in August 2009, when the period of time to seek review expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Guyah did not file the instant PCRA Petition until January 2016. Therefore, his Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094 (Pa. 2010).

Here, Guyah did not plead or prove any exception and, instead, raises

four separate claims, each of which concerns his absence during *voir dire*.[5]
*See* Brief for Appellant at 8-20. Because Guyah did not successfully invoke any of the three exceptions necessary to circumvent the PCRA's timeliness requirement, we lack jurisdiction to address the merits of his claim on appeal.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2016

---

[5] We note that, in his third claim, Guyah argues that his absence during *voir dire* was the result of ineffective assistance of counsel. Brief for Appellant at 13-17. However, "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).

[6] In his August 5, 2016 "Supplemental and Appellant Response to Appellee Brief" ("Response Brief"), Guyah raises an additional claim, in an attempt to invoke the timeliness exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), based upon the Pennsylvania Supreme Court's recent decision in ***Commonwealth v. Wolfe***, 140 A.3d 651, 663 (Pa. 2016) (holding that Section 9718 of the Sentencing Code, 42 Pa.C.S.A. § 9718, "is irremediably unconstitutional on its face, non-severable, and void."). *See* Response Brief at 5. However, we cannot consider this claim, as it was raised only in Guyah's Response Brief. *See* Pa.R.A.P. 2113 (stating that "the appellant may file a brief in reply to matters raised by appellee's brief … and not previously addressed in appellant's brief."); *see also **Commonwealth v. Philistin***, 53 A.3d 1, 25 n.17 (Pa. 2012) (stating that "insofar as appellant raised this argument only in his reply brief, it is waived.").